ABIGAIL H. BISHOP, Plaintiff, *v.* JAMES C. BISHOP, Defendant.

In the Matter of the Application of ABIGAIL H. BISHOP, Appellant, Respondent, to Modify the Final Judgment Herein in Respect to the Amount of Alimony Awarded Thereby. JAMES C. BISHOP, Respondent, Appellant.

In the Matter of the Application of ABIGAIL H. BISHOP, Respondent, to Set Aside an Order of the Supreme Court, Made at the New York Special Term and Entered on the 5th Day of June, 1916. JAMES C. BISHOP, Appellant.

First Department, July 2, 1924.

Husband and wife — divorce — alimony — application to set aside prior order denying increase in alimony and to reopen proceedings — no fraud shown in proceedings for prior order — sequestration proceedings having been instituted defendant cannot be punished for contempt in failing to pay alimony — evidence does not show that defendant violated judgment as to custody of child — petition cannot be amended nunc pro tunc to conform to proof foreign to inquiry.

The findings by the court on an application to set aside a prior order denying an increase in alimony and to reopen the proceeding on the ground of fraud, that no fraud was perpetrated in the prior proceeding, is sustained by the evidence.

Inasmuch as sequestration proceedings were instituted against the defendant to recover alimony, the court properly held that it did not have power to punish the defendant for his contempt in failing to pay the alimony.

The defendant was not shown to be guilty of contempt in that he deliberately, willfully and wrongfully retained the custody of the child of the marriage in violation of the provisions of the final judgment, since it appears that his retention of the child was with the consent of the plaintiff.

The petition in this proceeding to open the prior order should not be amended *nunc pro tunc* to conform to the proof as to matters which should not have been received in evidence relating to the proceedings had before another referee and to the examination of defendant's financial condition from the time of the original decree to the date of the hearings, since those matters are not properly within the purview of the present proceeding.

CROSS-APPEALS in the first above-entitled proceeding by the petitioner, Abigail H. Bishop, and by the defendant, James C. Bishop, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1923. The petitioner appeals from so much of said order as denies her motion to set aside an order entered on the 5th day of June, 1916, denying her petition for increase of alimony, and also from so much of said order as denies her motion to reopen the said proceedings. The defendant appeals from so much of said order as finds him guilty of contempt in withholding the custody of the child of the parties.

· Appeal in the second above-entitled proceeding by the defendant, James C. Bishop, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1923, granting petitioner's motion to amend the original petition.

*Spitz & Bromberger* [*Henry W. Jessup* of counsel; *Edgar Bromberger* and *Ralph O. L. Fay* with him on the brief], for the plaintiff.

*Pendleton, Anderson, Iselin & Riggs* [*John H. Iselin* of counsel; *Ellery O. Anderson* with him on the brief], for the defendant.

MARTIN, J.:

The plaintiff appeals from that part of an order which affirms the report of a referee and denies an application to set aside an order made at Special Term which refused to increase alimony. Plaintiff also seeks to have the proceedings upon which that order was based reopened and an investigation made to ascertain whether it was obtained through fraud and deceit practiced upon the court by defendant.

On December 6, 1913, a final decree of divorce was entered in favor of the plaintiff, awarding her the custody of two infant daughters and alimony at the rate of $15,000 per annum. The decree permitted an application at the foot thereof, upon change in conditions or financial circumstances, for either an increase or reduction in the alimony.

On February 8, 1915, upon an application made by defendant, pursuant to this provision of the decree and after a reference, an order was made reducing the alimony from $15,000 to $6,000 per annum. In May, 1916, plaintiff moved for an order increasing her alimony. This motion was made upon her petition setting forth at length facts tending to show an improvement in defendant's financial condition since the order of February 8, 1915. Defendant interposed an answer thereto, purporting to set forth in detail his financial condition, then and subsequent to the earlier order. Upon these conflicting papers, no reference being had or further proofs taken, plaintiff's motion was denied by an order dated June 5, 1916. This order the plaintiff is now seeking to have set aside.

In November, 1919, plaintiff again applied to the court for an increase in alimony, setting forth facts tending to show an improvement in defendant's financial condition. He interposed a verified statement in opposition thereto, and the issue thereby raised was referred. During the course of this reference certain facts in relation to defendant's income in 1916 came to light, upon which plaintiff now relies. An increase in the alimony was recommended by the referee and an order was made on January 25, 1921, increasing it to $10,000. The referee held that he was without

power to inquire into the facts upon which the 1916 order was based, and the increase in alimony did not date back to the time it was reduced in 1916.

In October, 1921, plaintiff moved at Special Term for an order setting aside the order of June 5, 1916, by which her motion to increase the alimony was denied, and for leave to reopen the proceedings terminating in such order so that she might show the actual financial condition of the defendant at that time. The matter was sent to a referee for an inquiry into defendant's financial status at the time of the order of June 5, 1916. The referee was also directed to inquire into and report whether the order should be set aside and the proceedings upon which it was based reopened. He was further directed to take testimony and report the amount, if any, that should be paid to plaintiff as compensation for the damages sustained by her through fraud and deceit on defendant's part, and, further, as to what amounts, if any, should be paid by defendant to plaintiff by way of fine for his willful contempt in disobeying the order of the court and the failure to pay alimony as directed. The defendant was directed to appear and produce his books and records in aid of the examination.

The referee reported that he failed to find that any information concerning defendant's income was withheld from the court at the time the order of June 5, 1916, was made. He found, however, that defendant had been guilty of a willful contempt in deliberately deducting and withholding certain sums from the alimony decreed to be paid to plaintiff, and in his retention of the child Abigail in defiance of the decree, all of which caused plaintiff expense; and he recommended that a fine be imposed.

Plaintiff moved to confirm that portion of the report recommending punishment of defendant for contempt, and to reject the remaining portion thereof. Defendant then moved to confirm the report excepting in so far as it recommends defendant be punished for contempt. The respective motions resulted in one of the orders now under review. It was held that no fraud was practiced by defendant in obtaining the order of June 5, 1916, but that defendant was in contempt of court for withholding possession of the infant Abigail Bishop; and that by reason thereof plaintiff had been damaged to the extent of $2,650, which amount defendant was fined, he being, in addition, directed to pay the costs of the reference.

The court also held that: " The instituting of sequestration proceedings herein has deprived this Court of all power to punish the defendant herein for his contempt in failing to pay alimony as directed by this Court, and the motion to punish defendant for said contempt for non-payment of alimony is therefore denied."

In so far as it was held that there was no evidence to warrant a finding that the order of the 5th of June, 1916, was based upon fraud practiced by the defendant, the result is supported by the evidence. The court also properly held that in the sequestration proceedings the matter of the failure to pay alimony could be remedied.

The only other question to be disposed of on this appeal related to the correctness of the finding that the defendant " deliberately, wilfully and wrongfully " retained the custody of the infant Abigail Bishop in violation of the provisions of the final decree.

The defendant contended that the referee was not authorized to take testimony on that subject or to decide that question in this proceeding. The parties, however, in affidavits which were admitted in evidence by consent, gave in detail their respective versions of the circumstances under which the infant daughter left the home of plaintiff and went to live with defendant. The child was at first permitted by plaintiff to live with the defendant, the plaintiff being satisfied to permit the child to make her home with her father. The plaintiff spent considerable time abroad and was not in a position to provide a suitable home for the daughter, or at least as comfortable or desirable a home for her as that furnished by defendant. The plaintiff does not appear to have been very much concerned about the matter at that time. No doubt the infant became accustomed to living with her father and sisters, and preferred to remain with them. That was quite natural, as she had become accustomed to their companionship and association as well as their manner of living, all of which, apparently, she enjoyed. We are unable to discover any evidence in the record to warrant the finding that the defendant is responsible for the situation which arose in reference to this child and which, probably, could not have been avoided under the circumstances. There was no warrant for finding that the defendant violated the terms of the decree by keeping the infant away from her mother.

The order so far as appealed from by the defendant is, therefore, reversed, and so far as appealed from by the plaintiff affirmed, without costs to either party.

By a second order appealed from the plaintiff was permitted to amend the petition upon which this proceeding was based to conform to the proof taken before the referee. This amendment to conform the petition to the scope of the examination and inquiry included the alleged fraud, asserted to have been practiced by the defendant on the application which culminated in the order of June 5, 1916. Such fraud plaintiff contends resulted in defeating an application for an increase of alimony. It was not related to

the alleged fraud by which it is said defendant had, at an earlier date before another referee, succeeded in reducing the alimony from $15,000 per annum to $6,000 per annum. The order permitting the reference did not contemplate that the inquiry should include a review of the trial before another referee, nor did it provide for an examination of defendant's financial condition from the time the original decree of divorce was entered to the date of the hearings. The scope of the application and of the reference did not embrace an inquiry into many matters upon which evidence was received. It is now sought to amend the proceedings *nunc pro tunc* in order to include in the order a direction for such an inquiry. There having been no warrant for the referee instituting or permitting the institution of an inquiry covering a trial before another referee as well as an inquiry in relation to the financial condition of the defendant over a period of ten years or more, and the relief prayed for in the petition and granted by the court having been confined solely to an inquiry as to whether the defendant had practiced fraud and deceit upon the court in securing the order of June 5, 1916, the motion to amend the proceedings *nunc pro tunc* should have been denied.

The order granting said motion is, therefore, reversed, with ten dollars costs and disbursements, and the motion denied.

Clarke, P. J., Dowling, Smith and McAvoy, JJ., concur.

Order so far as appealed from by defendant reversed, and so far as appealed from by plaintiff affirmed, without costs to either party.

Settle order on notice.

Order reversed, with ten dollars costs and disbursements, and motion denied.